UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA MARQUISE MYLES,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LT. FONO, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:23-cv-02055-RFB-DJA<br><br>**SCREENING ORDER** |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF Nos. 2-2, 2). Plaintiff has also filed a motion for appointment of counsel. (ECF No. 3). The matter of the filing fee will be temporarily deferred. The Court first screens Plaintiff's civil-rights complaint under 28 U.S.C. § 1915A and then considers Plaintiff's motion for appointment of counsel.

**I.　　SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

///

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. Id. at 723–24. In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. "Determining whether a complaint states a plausible claim

for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable—like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist—as well as claims based on fanciful factual allegations like fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

## II.     SCREENING OF COMPLAINT

In his complaint, Plaintiff sues Defendants Lt. Fono, Co. Zombie, Commander C. Craig, and Warden Breitenbach for events that took place while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). Plaintiff brings two counts and seeks monetary relief.

The complaint alleges the following: On June 23, 2023, Plaintiff made a PREA[1] report about another inmate to Officer Zombie and Lieutenant Fono. Plaintiff was told that a PREA coordinator would follow up with him and that the inmate in question would not be allowed around him anymore. Plaintiff did not receive any medical attention at that time. On July 5, 2023, Plaintiff was moved to a different unit with that same inmate. The inmate walked up to Plaintiff and smiled, which caused Plaintiff to suffer from an anxiety attack and depression. Plaintiff reported this issue to officers, who contacted Commander C. Craig. Craig informed them that no PREA complaint had ever been filed in the system, and that Plaintiff would have to make a new PREA complaint. Plaintiff filed another PREA complaint, and Craig took the report and sent Plaintiff to the medical department to speak with mental health care workers. Plaintiff had been in mental distress ever since the initial PREA incident. Now Plaintiff needs to take medication to prevent anxiety attacks. Warden Breitenbach is responsible for the welfare of inmates at NNCC.

Based on these allegations, Plaintiff brings two claims under the Eighth Amendment: a threat to safety claim and a medical care claim. Because Plaintiff alleges that the Defendants violated PREA, the Court will also consider whether Plaintiff states a colorable claim under PREA.

---

[1] The Court construes this as the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601.

**A. Threat to Safety**

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. Id. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Id. at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. Id. at 843.

### 1. Defendants Zombie and Fono

The Court finds that Plaintiff states a colorable failure to protect claim against Defendants Zombie and Fono. The Court liberally construes the complaint as alleging that Plaintiff informed Zombie and Fono that another inmate had sexually harassed him. Zombie and Fono knew that the other inmate's actions constituted sexual harassment and that Plaintiff should be permanently separated from the other inmate. But they deliberately failed to enter the PREA complaint into the computer system, which allowed Plaintiff to be placed in the same unit as the inmate who had sexually harassed him. As a result of seeing that inmate again, Plaintiff now suffers from depression and anxiety attacks. These allegations are sufficient to state a colorable claim against Zombie and Fono at this preliminary screening stage.

### 2. Defendants Craig and Breitenbach

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

The Court finds that Plaintiff fails to state a colorable claim against Defendants Craig and Breitenbach. Plaintiff appears to bring claims against both Defendants based on their roles as supervisors. But Plaintiff does not allege that either Defendant was involved in the alleged violations. To the contrary, Plaintiff states that Craig told Plaintiff to file a new PREA complaint and sent him to receive mental health treatment as soon as he was made aware of the issue. Plaintiff does not allege that Breitenbach was aware of, or involved with, the incidents at all. Thus, Plaintiff fails to state a colorable supervisory liability claim against either Craig or Breitenbach, and the Court dismisses both Defendants from the entirety of the case without prejudice.

### B. Medical Care

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the

delay led to further injury. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff states a colorable claim of deliberate indifference to a serious medical need against Defendants Zombie and Fono.[2] The Court liberally construes the complaint as alleging that Plaintiff informed Zombie and Fono that he had been sexually harassed by another inmate. Zombie and Fono were aware that inmates reporting sexual harassment should be evaluated by mental health personnel because they often suffer from anxiety and depression. But Zombie and Fono did not send Plaintiff to receive mental health treatment or report the incident, which would have allowed a caseworker to follow up and send Plaintiff to receive a mental health evaluation. As a result, Plaintiff suffered from depression and anxiety, and his symptoms got worse when he again saw the inmate who sexually harassed him. These allegations are sufficient to state a colorable claim against Defendants Zombie and Fono at this preliminary screening stage.

### C. PREA

The Court finds that Plaintiff cannot state a colorable claim under PREA because PREA does not create a private right of action. See Law v. Whitson, 2:08-CV-0291-SPK, 2009 WL 5029564, *4 (E.D. Cal. Dec. 15, 2009). PREA was enacted to study the problem of prison rape and to authorize the reporting of incidents of rape but nothing in the Act creates a private right of action enforceable under § 1983. Id.; Trost v. Cox, 3:14-CV-611-MMD-WGC, ECF No. 3, *9 (D. Nev. April 10, 2015). As such, Plaintiff cannot state a claim based on a violation of PREA, and the Court dismisses any such claim with prejudice, as amendment would be futile.

### III.   MOTION

Plaintiff has filed a motion for appointment of counsel. (ECF No. 3). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will

---

[2] The Court finds that Plaintiff fails to state a colorable claim against Defendants Craig and Breitenbach for the reasons discuss *supra*, Section II(A)2.

appoint counsel for indigent civil litigants only in "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. "Neither of these considerations is dispositive and instead must be viewed together." Id. Plaintiff has successfully articulated his claims in the complaint, and, as part of this order, the Court will stay this case to allow the parties to mediate their dispute. As such, Court does not find exceptional circumstances that warrant the appointment of counsel at this time. Accordingly, the Court denies the motion without prejudice.

IV.     CONCLUSION

**IT IS THEREFORE ORDERED** that a decision on Plaintiff's application to proceed in forma pauperis (ECF No. 2) is deferred.

**IT IS FURTHER ORDERED** that the Clerk of the Court will file Plaintiff's complaint (ECF No. 2-2) and send Plaintiff a courtesy copy of the complaint.

**IT IS FURTHER ORDERED** that Plaintiff's failure to protect claim will proceed against Defendants Lt. Fono and Co. Zombie.

**IT IS FURTHER ORDERED** that Plaintiff claim of deliberate indifference to a serious medical need will proceed against Defendants Lt. Fono and Co. Zombie.

**IT IS FURTHER ORDERED** that any claim under PREA is dismissed with prejudice, as amendment would be futile.

**IT IS FURTHER ORDERED** that Defendants Commander C. Craig and Warden Breitenbach are dismissed from the entirety of the case without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff motion for appointment of counsel (ECF No. 3) is denied without prejudice.

**IT IS FURTHER ORDERED** that given the nature of the claim(s) that the Court has permitted to proceed, this action is stayed for 90 days to allow Plaintiff and Defendant(s) an opportunity to settle their dispute before the Court determines whether to grant Plaintiff's in forma

pauperis application, the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General will file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

**IT IS FURTHER ORDERED** that if the case does not settle, then the Court will determine whether to grant Plaintiff's in forma pauperis application. Plaintiff will be required to pay the full $350.00 statutory filing fee for a civil action regardless of whether the Court grants his in forma pauperis application. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Plaintiff's application to proceed in forma pauperis. If Plaintiff is allowed to proceed in forma pauperis, the fee will be paid in installments from his prison trust account. See 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed in forma pauperis, the full $350 statutory filing fee for a civil action plus the $55 administrative filing fee, for a total of $405, will be due immediately.

**IT IS FURTHER ORDERED** that if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days prior to the date set for mediation. The responding party will have 7 days to file a

response. No reply will be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

**IT IS FURTHER ORDERED** that if Plaintiff needs an interpreter to participate in the mediation program, Plaintiff will file a notice identifying the interpretation language and the need for the interpreter within 30 days from the date of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is further directed to add the Nevada Department of Corrections to the docket as an Interested Party and electronically provide a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the interested party on the docket. This does not indicate acceptance of service.

**IT IS FURTHER ORDERED** that the Attorney General's Office must advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Interested Party for the purpose of participation in the Early Mediation Program. No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

**DATED:** September 30, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSHUA MARQUISE MYLES,<br><br>                                  Plaintiff,<br><br>  v.<br><br>LT. FONO, *et al.*,<br><br>                                  Defendants. | Case No. 2:23-cv-02055-RFB-DJA<br><br>REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL WILL FILE THIS FORM. THE INMATE PLAINTIFF MAY NOT FILE THIS FORM.**

On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report 90 days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

    ____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

    ____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    ____ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

_____   No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

_____   No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

_____   None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

* * * * *

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

_____   The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

_____   The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____   The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____   None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____        _____
                      Print                                  Signature

Address: _____        Phone:

_____        _____

            Email: