# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

JOSHYA MARQUISE MYLES, *et al.*,

Plaintiffs,

v.

LT. FONO, *et al.*,

Defendants.

Case No. 2:23-cv-02055-RFB-DJA

**ORDER**

Before the Court for consideration is the (ECF No. 36) Report and Recommendation ("R&R") of the Honorable Daniel J. Albregts, United States Magistrate Judge, dated November 3, 2025. For the reasons explained below, the Court adopts the R&R in full and denies Plaintiff leave to amend his proposed First Amended Complaint (FAC), because amendment would be futile. However, Plaintiff may file a new motion for leave to amend his complaint within **45 days** of this Order, and the Court will stay the dispositive motions deadline pending resolution of his subsequent motion to amend, if filed. If he seeks to file a new motion to amend, it must address Federal Rule of Civil Procedure 16(b)(4), in addition to Federal Rule of Civil Procedure 15, because the June 9, 2025 deadline to seek leave to amend the complaint has now passed. See ECF No. 24 (Scheduling Order stating motions for leave to amend must comply with LR 15-1 and must be filed and served by June 9, 2025).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is

required to "make a de novo[1] determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

Objections were due by November 17, 2025, however Judge Albregts granted Plaintiff an extension of time to file any objection until February 3, 2026. See ECF No. 41. Plaintiff sought the extension based on his sworn declaration stating that on October 4, 2025, he lost his legal file for this case which included all discovery he had received from Defendants. See ECF No. 39. He sought additional time so that he could review replacement copies of discovery and correspondence provided by Defendants and address the deficiencies in factual detail in his proposed FAC which are identified in the R&R. Id. On January 20, 2026, Plaintiff timely filed an objection to the R&R, which asks the Court to provide Plaintiff the opportunity to file a revised amended complaint that corrects the deficiencies identified by Judge Albregts in his proposed FAC. ECF No. 44.

In this *pro se* civil rights action under 42 U.S.C. § 1983 by Plaintiff, a former state prisoner, the Court entered a screening on September 30, 2024. See ECF No. 4. The screening order allowed Plaintiff's Eighth Amendment failure to protect claim and Eighth Amendment deliberate medical indifference claim to proceed against Defendants Fonoimoana and Zobie; dismissed any claim under PREA with prejudice; and dismissed Defendants Commander C. Craig and Warden Breitenbach from the entirety of the case without prejudice, for failure to allege that either Defendant was personally involved in the alleged violations. Id. On May 19, 2025, Plaintiff filed the instant Motion to Amend his complaint which attached his proposed FAC. ECF Nos. 27, 27-1. The proposed FAC sought to add new Defendants, however, Judge Albregts found Plaintiff's allegations lacked sufficient detail explaining each Defendant's personal involvement in violations of Plaintiff's rights. See ECF No. 36.

The Court has reviewed the record and the R&R *de novo* and, for the following reasons,

---

[1] *De novo* review simply means a review by one court using the lower court's record but reviewing the evidence and the law without deference to the lower court's findings and rulings. See Appeal, Black's Law Dictionary (11th ed. 2019).

concurs with Judge Albregts' recommendation.

## I.      STANDARD OF REVIEW

To file an amended complaint at this stage of the litigation, Plaintiff must obtain leave of court. See Fed. R. Civ. Proc. 15(a)(2). In general, a court should liberally allow a party to amend its pleading. See Fed. R. Civ. P. 15(a); see also Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001) ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality.") (internal quotation marks and citations omitted). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962). "[T]he consideration of prejudice to the opposing party carries the greatest weight." Id. (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.2003). Further, "[a]mendments seeking to add *claims* are to be granted more freely than amendments adding *parties*." Union Pac. R.R. Co. v. Nevada Power Co., 950 F2d 1429, 1432 (9th Cir. 1991) (emphasis added).

When a party seeks to amend pleadings after the deadline to do so in a pretrial scheduling order, no post deadline amendment of pleadings is permitted unless the court first modifies the scheduling order to permit the amendment for "good cause." See Fed R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013), aff'd sub nom. Oneok, Inc. v. Learjet, Inc., 575 U.S. 373 (2015) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 605, 609 (9th Cir. 1992)). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. (quoting Fed. R.

- 3 -

Civ. P. 16 advisory committee's notes (1983 amendment)).

## II.    DISCUSSION

The Court has reviewed the record and the R&R *de novo* and, for the following reasons, concurs with Judge Albregts' recommendation that Plaintiff's Motion to Amend be denied based on the futility of the proposed FAC. A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§]1983." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

The Court agrees that Plaintiff's proposed FAC lacks sufficient factual specificity as to the personal participation of each Defendant that Plaintiff seeks to add to this case. To state a claim against each Defendant, Plaintiff must explain how each individual participated in his (1) failure to protect claim under the Eighth Amendment and (2) deliberate medical indifference claim under the Eighth Amendment. The Court reiterates the legal standard for each claim below.

### A.    Failure to Protect

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. Id. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Id. at 837. Accordingly, to state a colorable claim against the Defendants Plaintiffs seek to add to this litigation, Plaintiff must allege

- 4 -

with specificity that (1) each Defendant had actual knowledge of a serious risk to Plaintiff's safety (it is not enough that they *should have known* of the risk); (2) had a "sufficiently culpable state of mind," *i.e.* acted with deliberate indifference to the serious threat. Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

The Court concurs with Judge Albregts' finding that Plaintiff does not explain how or why Defendants Striplin, Adams, Goodwin, and Wood knew about Plaintiff's PREA report. Plaintiff similarly does not explain the specific contents of his PREA report, including what he reported, and when, and what Defendants Moore or Robinson did or failed to do with the report. Accordingly, Plaintiff's proposed FAC is futile because it lacks sufficient factual specificity to state a plausible failure to protect claim against the Defendants Plaintiff seeks to add to this case.

### B.    Deliberate Medical Indifference

A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012). To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court concurs with Judge Albregts' finding that Plaintiff's FAC lacks factual specificity as to how Defendants Day, Barrios, and Zobie purposefully acted or failed to respond to Plaintiff's pain or possible medical need and how their indifference caused him further harm. Accordingly, Plaintiff's proposed FAC is futile because it lacks sufficient factual specificity to state a deliberate medical indifference claim against the Defendants Plaintiff seeks to add to this case.

### C.    Leave to Amend

Plaintiff asks the Court to grant him leave to file a proposed amended complaint that cures the above-described deficiencies, stating that the discovery reproduced by Defendants will allow to provide the necessary factual specificity. Because the deadline to amend pleadings has now passed, Plaintiff must file a new motion to amend his complaint that addresses the standards under Rule 15(a)(2) and Rule 16(b)(4) as described above. The motion must also attach his proposed amended complaint. Plaintiff is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself. See Hal Roach Studios, Inc., Co. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989). This means Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Plaintiff should file the amended complaint on this Court's approved prisoner civil-rights form, and it must be titled "First Amended Complaint." Plaintiff must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights. Plaintiff is advised that specific factual allegations are all that is required in his complaint, and he need not attach or cite to the discovery record in his proposed amended complaint.

## III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 36) is **ADOPTED** in full.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to file an additional motion for leave

to amend his complaint which addresses the deficiencies and legal standards described above, he may do so within **45 days** of the entry of this Order, on or before **April 30, 2026**.

The Clerk of Court is kindly **DIRECTED** to send Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint with instructions and a courtesy copy of this Order.

**IT IS FURTHER ORDERED** that the deadline for dispositive motions is **30 days** after the entry of this order, on or before April 15, 2026. see ECF No. 43. If Plaintiff files a motion to amend within that period, the dispositive motion deadline will be **STAYED** pending resolution of the motion to amend.

**DATED:** March 16, 2026.

 

 

 

                     _____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**