**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Joshua Marquise Myles,

             Plaintiff,

   v.

Lt. Fono, et al.,

             Defendants.

Case No. 2:23-cv-02055-RFB-DJA

**Order**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 21). Plaintiff timely moved to amend his complaint. (ECF No. 50). No party responded. Plaintiff then filed two motions (ECF Nos. 52, 54) and two notices (ECF Nos. 51, 53) informing the Court of the non-opposition and asking it to rule on the motion to amend. Defendants Kristy Fonoimoana and Zachary Zobie have filed a partial non-opposition to Plaintiff's motion to amend, acknowledging that they did so untimely. (ECF No. 55).

Because no party has responded to Plaintiff's motion to amend his complaint, the Court grants it, but does not screen Plaintiff's first amended[1] complaint. The Court orders service of Plaintiff's first amended complaint. Additionally, because the Court addresses Plaintiff's motion to amend in this order, it denies his motions for a ruling on that motion as moot.

**I.    Plaintiff's motion to amend his complaint.**

The Court grants Plaintiff's motion to amend his complaint. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay,

---

[1] Plaintiff titles his motion a motion for leave to file a second amended complaint. (ECF No. 50). However, Plaintiff's first attempt to amend his complaint was not successful. (ECF No. 36, 48). So, Plaintiff's instant amended complaint will be his first amended complaint.

prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

Here, considering the liberal amendment standard and the fact that no party has opposed amendment, constituting their consent to the Court granting the motion under Local Rule 7-2(d), the Court grants Plaintiff's motion to amend. The Court does not find bad faith or futility to be present here. Plaintiff also timely[2] filed his motion to amend. No party has argued prejudice by way of Plaintiff's amendment. And while Plaintiff has previously sought to amend his complaint, his prior attempt was not successful. The Court therefore grants Plaintiff's motion to amend. Although Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Prison Litigation Reform Act does not obligate the Court to screen every proposed amended complaint. *See Joshua v. Oliver*, No. 2:23-cv-01087-MMD-MDC, 2024 WL 4891858, at *2 (D. Nev. Nov. 25, 2024) (compiling cases). So, the Court does not screen Plaintiff's first amended complaint. Additionally, because the Court addresses Plaintiff's motion to amend, it denies his motions for the Court to rule on that motion (ECF Nos. 52, 54) as moot.

---

[2] The Honorable District Judge Richard F. Boulware gave Plaintiff until April 20, 2026, to file a motion to amend his complaint. (ECF No. 48).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to file an amended complaint (ECF No. 50) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to detach Plaintiff's first amended complaint (ECF No. 50-1), file it on the docket, and issue summonses.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to electronically serve a copy of this order and of Plaintiff's first amended complaint (ECF No. 50-1) on the Office of the Attorney General ("OAG") of the State of Nevada.  This does not indicate acceptance of service.

**IT IS FURTHER ORDERED** that on or before **June 10, 2026**, the OAG shall file a notice advising the Court and Plaintiff whether it accepts service for any newly named Defendant(s).  If the OAG does not accept service for any newly named Defendant(s), the OAG must file that/those Defendant's(s') last known addresses under seal and indicate that it has filed the information under seal in its notice.  If any Defendant's(s') last known address is a post office box, the OAG shall attempt to obtain and provide the last known physical address.

**IT IS FURTHER ORDERED** that if the OAG cannot accept service for any Defendant(s), Plaintiff shall file a motion requesting issuance of summons for that/those Defendant(s).  If the OAG has not provided a last known address for any Defendant(s), Plaintiff shall provide the Defendant's(s') full name and address in his motion.

**IT IS FURTHER ORDERED** that, if the OAG accepts service of process for any Defendant(s), that/those Defendant(s) shall file and serve an answer or other response to the first amended complaint on or before **July 21, 2026**.

**IT IS FURTHER ORDERED** that Plaintiff shall complete service on the Defendants on or before **August 18, 2026**.  Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff's motions for rulings (ECF Nos. 52, 54) are **denied** as moot.

DATED: May 20, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE